UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Kimwell Operating, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 20-10978-CJP |

### CHAPTER 7 TRUSTEE'S OBJECTIONS TO CLAIM NO. 17-2
### (TENDER TOUCH REHAB SERVICES, LLC)

Joseph G. Butler, as chapter 7 trustee (the "Trustee") of Kimwell Operating, LLC (the "Debtor"), hereby objects to the claim filed by Tender Touch Rehab Services, LLC (claim no. 17-2 on the Court's claims register). As grounds for his objection, the Trustee states the following:

1. On April 13, 2020 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

2. On April 14, 2020, Joseph G. Butler was appointed as the chapter 7 Trustee.

3. On May 21, 2020, the chapter 7 cases of Charlwell Operating, LLC, Case No. 20-10977-CJP, Kimwell Operating LLC, Case No. 20-10978-CJP, KD Operating LLC, Case No. 20-10982-CJP, NSL Blue Hills LLC, Case No. 20-10983-CJP, NSL Brigham LLC, Case No. 20-10984-CJP, NSL Country Gardens LLC, Case No. 20-10985-CJP, NSL Crawford LLC, Case No. 20-10986-CJP, NSL Franklin LLC, Case No. 20-10987-CJP and NSL Hanover LLC, Case No. 20-10988-CJP were administratively consolidated

4. On June 23, 2020, the meeting of creditors was held.

5. The claims bar date in this case passed on June 22, 2020 (October 13, 2020 for

claims of governmental units).

6. On June 19, 2020, Tender Touch Rehab Services, LLC filed a proof of claim, claim no. 17 on the Court's claims register (the "Claim").

7. The Claim was filed as a secured claim. The Rider attached to the Claim states that the claim was "in the amount of at least $4,040,517.64, against Debtors NSL Blue Hills, LLC; NSL Brigham, LLC; NSL Country Gardens, LLC; NSL Crawford, LLC; NSL Franklin, LLC; NSL Hanover, LLC; KD Operating, LLC; Kimwell Operating, LLC; and Charlwell Operating, LLC.[1]"

8. On October 29, 2020, filed Claim no. 17-2 on the Court's claims register (the "Amended Claim"). The Amended Claim states that it was intended to amend the Claim.

9. The Amended Claim was filed as a secured claim. The Amended Rider attached to the Amended Claim states that the claim was "in the amount of at least $1,040,517.64, against Debtors NSL Blue Hills, LLC; NSL Brigham, LLC; NSL Country Gardens, LLC; NSL Crawford, LLC; NSL Franklin, LLC; NSL Hanover, LLC; KD Operating, LLC; Kimwell Operating, LLC; and Charlwell Operating, LLC.[2]"

10. The Amended Rider states, in Section B. Paragraph 3 that "On or about the filing of this claim, Tender Touch assigned $3,000,000 of its original claim to David Alt and accordingly files this amended Proof of Claim in the amount of at least $1,040,517.64, plus (i) all accrued and unpaid interest, fees, expenses (including without limitation, the reasonable

---

[1] On June 19, 2020 Tender Touch Rehab Services, LLC filed identical claims in the NSL Blue Hills, LLC; NSL Brigham, LLC; NSL Country Gardens, LLC; NSL Crawford, LLC; NSL Franklin, LLC; NSL Hanover, LLC; KD Operating, LLC and Charlwell Operating, LLC cases.

[2] On October 29, 2020, Tender Touch Rehab Services, LLC filed identical amended claims in the NSL Blue Hills, LLC; NSL Brigham, LLC; NSL Country Gardens, LLC; NSL Crawford, LLC; NSL Franklin, LLC; NSL Hanover, LLC; KD Operating, LLC and Charlwell Operating, LLC cases.

and documented fees and expenses of the Tender Touch's attorneys, consultants, attorneys, accountants, experts and financial advisors), (ii) costs, other charges or amounts paid, incurred or accrued prior to the Petition Date and (iii) other obligations incurred therewith, in each case in accordance with the terms of the Prejudgment Writ of Attachment order, plus all interest, fees, costs and other charges allowable under section 506(b) of the Bankruptcy Code."

11. The Amended Claim states that the basis for the claim was "Monies owed pursuant to that certain Prejudgment Writ of Attachment entered on November 25, 2019 and breach of contract."

12. The Rider to the Claim includes, as Exhibit A, a complaint filed in the Suffolk Superior Court on November 12, 2019 (the "Complaint"), captioned *Tender Touch Rehab Services, LLC v. NSL Blue Hills, LLC, NSL Brigham, LLC, NSL Country Gardens, LLC, NSL Crawford, LLC, NSL Franklin, LLC, NSL Hanover, LLC, KD Operating, LLC, Kimwell Operating, LLC and Charlwell Operating, LLC*, commencing case no 1984-CV-03529 (the "Superior Court Litigation").

13. The Complaint alleges that all of the defendants hired Tender Touch Rehab Services, LLC, to provide therapists and administrative services in certain skilled nursing facilities operated by those defendants (paragraph 15), that, in July 2017, Tender Touch Rehab Services, LLC "executed substantially similar Therapy Staffing, Administrative Services and Claims Management Agreements (the "Agreements") with at least eight of the Facilities [the defendants]" and that copies of the agreements are annexed to the Complaint (paragraph 16).

14. The Rider to the Claim also includes Exhibit G to the Complaint filed in the Superior Court Litigation, which the Complaint asserts, in paragraph 52, is a "true and correct

copy of the Kimwell Operating Agreement made between Tender Touch and Kimwell Operating, LLC"

15. The Kimwell Operating Agreement attached as Exhibit G contains an indemnification clause (paragraph 19 of the Agreement), which provides for the payment of attorneys fees and costs by the parties to one another under certain circumstances which would trigger the indemnification but contains no provision for the payment to Tender Touch Rehab Services, LLC of interest, attorney's fees or other costs of collection.

16. The Complaint, in Count VII, a breach of contract count against Kimwell Operating, LLC, states in paragraph 55 that "As of the most recent accounting. Tender Touch has suffered damages in the amount of approximately $900,000."

17. The remaining counts of the Complaint are all breach of contract claims in varying amounts against the other defendants.

18. The Complaint does not assert that the various defendants are jointly and severally liable to Tender Touch Rehab Services, LLC for the obligations of each other.

19. The Kimwell Operating Agreement attached as Exhibit G does not include any guaranty by Kimwell Operating, LLC of the obligations of the other defendants or otherwise create joint and several liability with the other defendants to Tender Touch Rehab Services, LLC

20. The Rider to the Claim also includes as Exhibit B, copies of writs of attachment issued in the Superior Court Litigation on November 25, 2019.

21. One of the writs states that the sheriffs or their deputies were commanded to "attach the accounts and accounts receivable of the defendant, Kimwell Operating, LLC…to the value of $4.5 million" and further that the attachment was approved "in the amount of $4.5 million, *to satisfy a potential judgment in the amount of $906,802.14."*

22. The Rider to the Claim and the Amended Rider both state in paragraph 4, that on

"November 26, 2019, Tender Touch recorded the *Prejudgment Writ of Attachment* with the Massachusetts Secretary of State and served copies of the Writ on Debtors" and assert that by "operation of Massachusetts law, Tender Touch had a perfected lien on all of the Debtors' accounts receivable and accounts as of November 26, 2019.

23. On November 26, 2019, Tender Touch caused, not the Prejudgment Writ of Attachment, but a UCC-1 financing statement to be recorded with the Massachusetts Secretary of State. The UCC-1 financing statement identified Kimwell Operating, LLC as the Debtor and described the collateral as "all accounts, accounts receivable, and proceeds thereof." The UCC-1 financing statement made no reference to the Superior Court Litigation or the prejdgment writ of attachment.

24. Massachusetts General Laws ch. 106, Article 9, section 9-509 states:

> Section 9-509.
> (a) Person entitled to file record. A person may file an initial financing statement, amendment that adds collateral covered by a financing statement, or amendment that adds a debtor to a financing statement only if:
> (1) **the debtor authorizes the filing in an authenticated record** or pursuant to subsection (b) or (c); or
> (2) the person holds an agricultural lien that has become effective at the time of filing and the financing statement covers only collateral in which the person holds an agricultural lien.
> (b) Security agreement as authorization. By authenticating or becoming bound as debtor by a security agreement, a debtor or new debtor authorizes the filing of an initial financing statement, and an amendment, covering:
> (1) the collateral described in the security agreement; and
> (2) property that becomes collateral under Section 9-315(a)(2), whether or not the security agreement expressly covers proceeds.
> (c) Acquisition of collateral as authorization. By acquiring collateral in which a security interest or agricultural lien continues under Section 9-315(a)(1), a debtor authorizes the filing of an initial financing statement, and an amendment, covering the collateral and property that becomes collateral under Section 9-315(a)(2).

25. The Prejudgment Writ of Attachment was not a financing statement or an amendment to a financing statement. The Debtor did not authorize the filing of the UCC-1 financing statement by Tender Touch Rehab Services, LLC and the recording of the UCC-1

financing statement on November 26, 2019 did not create or perfect any lien that may otherwise have been created by the entry of a writ of attachment.

26. On January 7, 2020, Tender Touch Rehab Services, LLC caused a second UCC-1 financing statement to be filed with the Massachusetts Secretary of State. The second UCC-1 financing statement also named Kimwell Operating, LLC as the Debtor and described the collateral as "accounts and accounts receivable of Kimwell Operating, LLC in the amount of $4,500,000.00, to satisfy a potential judgment in the amount of $906,802.14, per writ of attachment approved on November 25, 2019…" The UCC-1 financing statement filed on January 7, 2020 included a copy, which was not certified, of the November 25, 2019 writ of attachment.

27. M.G.L. ch. 223, §50 states, in part:

> If an attachment is made of articles of personal property which, by reason of their bulk or for other cause, cannot be immediately removed, **a certified copy of the writ of attachment together with a certified copy of the officer's endorsement on the original writ of attachment of the date or dates of the executing of the writ, may, within three days after the attachment, be deposited in the office of the state secretary** where filing would be required to perfect a security interest in such goods under article 9 of chapter 106 as if the debtor were located in the commonwealth under section 9–307 of said chapter 106.

28. The copy of the writ of attachment that was filed on January 7, 2020, was not a certified copy of the writ of attachment and it was not filed within three days after the attachment where the writ was entered on November 25, 2019 and served (according to paragraph 4 of the Rider and Amended Rider) on the Debtor on November 26, 2020.

29. Upon information and belief, the writ of attachment was never served on any bank or financial institution where the Debtor maintained an account or on any of the Debtor's account debtors.

30. Pursuant to MGL ch 106 §9-312(b):

Except as otherwise provided in Section 9–315(c) and (d) for proceeds:

    (1) a security interest in a deposit account may be perfected only by control under Section 9–314.

MGL ch. 106 §9-314(a) provides:

  (a) Perfection by control. A security interest in … deposit accounts …may be perfected by control of the collateral under Sections 9–104…

MGL ch. 106 §9-104(a) provides:

    (a) Requirements for control. A secured party has control of a deposit account if:

        (1) the secured party is the bank with which the deposit account is maintained;

        (2) the debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the account without further consent by the debtor; or

        (3) the secured party becomes the bank's customer with respect to the deposit account.

31.    Tender Touch Rehab Services, LLC did not have control over the deposit accounts of the Debtor and did not have a valid perfected lien on any deposit accounts of the Debtor.

32.    Tender Touch Rehab Services, LLC did not have a valid, perfected lien on the accounts, accounts receivable or the proceeds thereof, of the Debtor as of the Petition Date.

33.    Neither the Claim, the Amended Claim, nor the attachments to either the Claim or the Amended claim include any accounting which shows how much money the Debtor owed to Tender Touch Rehab Services, LLC as of the Petition Date.

34.    Schedule E/F, filed by the Debtor on May 13, 2020 (docket no. 13), states that Tender Touch Rehab Services, LLC was the holder of a non-priority general unsecured claim in the amount of $486,139.47.

35.    The Trustee denies that Debtor owed Tender Touch Rehab Services, LLC, the sum of $1,040,517.64 as of the Petition Date.

36.    The Trustee therefore requests that his objection to claim no. 17-2 be sustained and

that the Claim be allowed as an unsecured non-priority claim in an amount of $486,139.47.[3]

                                              Joseph G. Butler, Chapter 7 Trustee
                                              of the estate of Kimwell Operating LLC.

                                              By his attorney,

                                              /s/ Joseph G. Butler
                                              _____
                                              Joseph G. Butler (BBO #544284)
DATED: August 16, 2023                    Law Office of Joseph G. Butler
                                              355 Providence Highway
                                              Westwood, MA 02090
                                              (781) 636 3638
                                              jgb@jgbutlerlaw.com

---

[3] As is set forth above, the Amended Rider to the Amended Claim states, in Section B, Paragraph 3 that "On or about the filing of this claim, Tender Touch assigned $3,000,000 of its original claim to David Alt." Mr. Alt has, to date, not filed a notice of transfer of claim other than for security. It is the Trustee's position that the Amended Claim supercedes the original Claim, and that neither the Claim nor the Amended Claim exceed $3,000,000. The Trustee does not understand what was assigned to Mr. Alt and therefore reserves all rights with respect to any purported assignment of the Claim or the Amended Claim to Mr. Alt.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Kimwell Operating, LLC, | Chapter 7<br>Case No. 20-10978-CJP |
| Debtor. | |

CERTIFICATE OF SERVICE

I, Joseph G. Butler, do hereby certify that on August 16, 2023, I served the Chapter 7 Trustee's Objection to Claim No. 17-2 (Tender Touch Rehab Services, LLC) on the persons on the attached service list by mailing a copy of the same by first class mail, postage prepaid or as otherwise indicated.

Signed under the penalties of perjury, August 16, 2023.

/s/ Joseph G. Butler
Joseph G. Butler

Service List
Kimwell Operating, LLC
Case no. 20-10988

### VIA ECF

- **John O. Desmond**    attorney@jdesmond.com, desmondjr96990@notify.bestcase.com
- **Richard King - B**    USTPRegion01.BO.ECF@USDOJ.GOV

### VIA US MAIL

Tender Touch Rehab Services, LLC
c/o Blank Rome, LLP
Attn Paige Tinkham
444 West Lake Street, Suite 1650
Chicago IL 60606

Jeffrey D. Sternklar
101 Federal Street
Suite 1900
Boston, MA 02110-1861

Mr. David Alt
Premier Healthcare Management, LLC
101 Chase Ave, Suite 301
Lakewood, NJ 08701